UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Alphonse De Simone, Esq.
195 US Highway 46, Suite 6
Totowa, New Jersey 07512
Tel. 973-785-3935
Attorney for Debtr
Atty id. 015131977

In Re:

KIMBERLY MITCHELL

Case No.:  __21-11650-JKS__

Judge:  __John K. Sherwood__

Chapter:  13

# CHAPTER 13 DEBTOR'S CERTIFICATION IN OPPOSITION

The debtor in this case opposes the following **(choose one)**:

1. ☐ Motion for Relief from the Automatic Stay filed by _____,
   creditor,
   
   A hearing has been scheduled for _____, at _____.
   
   ☒ Motion to Dismiss filed by the Chapter 13 Trustee.
   
   A hearing has been scheduled for _____, at _____.
   
   ☒ Certification of Default filed by __Marie-Ann Greenberg, Trustee__,
   
   I am requesting a hearing be scheduled on this matter.

2. I oppose the above matter for the following reasons **(choose one)**:

   ☐ Payments have been made in the amount of $ _____, but have not been accounted for. Documentation in support is attached.

☐ Payments have not been made for the following reasons and debtor proposes repayment as follows (**explain your answer**):

☒ Other (**explain your answer**):

Trustee moves to dismiss for failure to complete loan modification with time provided in the Plan. Debtor had a modification to be approved by the Court and a motion was filed. A dispute arose with the lender, Midland Mortgage, regarding the timing of the trial period payments. To resolve the dispute debtor applied for a new loan modification and a Trial Period Agreement has been **

3. This certification is being made in an effort to resolve the issues raised in the certification of default or motion.

4. I certify under penalty of perjury that the above is true.

Date: 11/29/2021

_Kimberly Mitchell_
Debtor's Signature

Date: _____

_____
Debtor's Signature

**NOTES:** ** entered into, copy attached. The final trial period payments is due on December 1, 2021. Debtor has made the first two. Debtor has filed an Amended Plan with a requested new deadline for Court approval of the loan modification of January 29, 2022.

1. Under D.N.J. LBR 4001-1(b)(1), this form must be filed with the court and served on the Chapter 13 Trustee and creditor, if applicable not later than 7 days before the date of the hearing if filed in opposition to a Motion for Relief from the Automatic Stay or Chapter 13 Trustee's Motion to Dismiss.

2. Under D.N.J. 4001-1 (b)(2), this form must be filed with the court and served on the Chapter 13 Trustee and creditor, if applicable not later than 14 days after the filing of a Certification of Default.

*rev.8/1/15*

58060249



A division of MidFirst Bank

September 7, 2021

KIMBERLY MITCHELL
30 CARRINGTON PLACE
CLIFTON NJ 07013-0000

## Read, sign and return.

Please return the enclosed documents to us by 10/1/2021.
Property Address:
30 CARRINGTON PLACE
CLIFTON, NJ 07013-0000

Dear Homeowner,

We have good news about providing you a more affordable mortgage. You are eligible for the FHA Home Affordable Modification Program ("FHA HAMP"). As previously discussed, in order to receive a permanent modification under the FHA Home Affordable Modification Program, you must successfully complete three steps:

1. A Trial Period Agreement (enclosed) consisting of monthly payments of $2,084.03 **during the Trial Period. You must sign and return the Trial Period Agreement and timely make all Trial Period Payments to qualify for a permanent FHA HAMP modification;**

2. A HUD Partial Claim which consists of a Subordinate Note and Subordinate Mortgage/Deed of Trust between you and the Department of Housing & Urban Development ("HUD");

3. A Modification Agreement between you and MidFirst Bank, which will be offered to you as long as you remain eligible and successfully complete the first two steps.

Please carefully read the enclosed Trial Period Agreement. Make sure that you understand the terms and that the statements set forth in the "My Representations" section are true and correct. The informational flyers titled "Information Regarding the FHA Home Affordable Modification Program" and "FHA Home Affordable Modification Program Frequently Asked Questions" are provided for your convenience and for informational purposes only.

To accept this offer and enter into FHA HAMP, all borrowers must sign the enclosed Trial Period Agreement and return it to Midland Mortgage, **on or before 10/1/2021.** You may submit the signed documents by any one of the three methods below:

| MAIL | FAX | E-MAIL |
|---|---|---|
| Attn: MAC<br>Midland Mortgage - A Division of MidFirst Bank<br>P.O. Box 268806<br>Oklahoma City, OK 73126-9946 | (405) 858-3176 | mac@midfirst.com |
| Mail the enclosed Trial Period Agreement, signed by all borrowers, to the above address. | Fax the enclosed Trial Period Agreement, signed by all borrowers, to the above fax number. | Attach a copy of the enclosed Trial Period Agreement, signed by all borrowers, to an e-mail message. Send the E-mail with the subject "FHA HAMP TRIAL PERIOD AGREEMENT" to the E-mail address provided above. |

## How to Make Your Monthly Mortgage Payment

For your convenience, Midland offers a variety of ways for you to make your monthly mortgage payment:

| | |
|---|---|
| Pay by Mail | Write your loan # 58060249 on your check and send it to:<br><br>Midland Mortgage<br>Attn: Cashiers<br>999 N.W. Grand Blvd, Suite 110<br>Oklahoma City, OK 73118 |
| Pay Online* | 1. Log in or create your account at MyMidlandMortgage.com<br>2. Go to "My Loan," click on "Pay My Mortgage," and choose "Pay Online" |
| Pay By Phone<br>*Automated System** | 1. Call 1-800-552-3000 anytime<br>2. Enter your loan# 58060249<br>3. Enter the last four digits of the account holder's Social Security number<br>4. Select option 1 (to pay your mortgage by phone) |
| Pay By Phone<br>*Speak to an Associate** | 1. Call 1-800-552-3000 Monday to Friday 8 a.m. to 7 p.m. or Saturday 9 a.m. to 1 p.m. Central time<br>2. Enter your loan# 58060249<br>3. Enter the last four digits of the account holder's Social Security number<br>4. Select option 3 (to speak to a team member) |
| Pay by Wire | MidFirst Bank - Oklahoma City, OK<br>ABA: 303087995<br>For credit to account: 0701001906<br>MM Loan #: 58060249<br>Attn: Cashiers<br><br>An $8 transaction fee will be assessed to your account for each wire transaction. Your bank may also assess its own fee to initiate the transaction. |

*This payment option may not be available for certain loans, including loans in bankruptcy and loans with plans in process of being updated in our system.

If you have any questions, please contact us at 1-800-552-3000.

Sincerely,

Mortgage Assistance Center
Midland Mortgage - A Division of MidFirst Bank

**Notice:** If you have received a bankruptcy discharge of the debt secured by the Mortgage/Deed of Trust, or you are currently in bankruptcy under the protection of the automatic stay, this letter is not an attempt to collect the debt from you personally and is for informational purposes only. If your loan was in default at the time MidFirst Bank obtained it, and you have not filed bankruptcy or received a discharge of the debt secured by the Mortgage/Deed of Trust, we are required to advise you that this communication is from a debt collector, this is an attempt to collect a debt, and any information obtained will be used for that purpose.
**Notice to Connecticut and North Carolina Residents:** The purpose of this communication is to collect a debt.
**Notice to Vermont Residents:** This is an attempt to collect a debt and any information obtained will be used for that purpose.

FHA-HAMP Trial Period Agreement
MM Loan Number: 58060249

## INFORMATION REGARDING THE FHA HOME AFFORDABLE MODIFICATION PROGRAM

**TRIAL PERIOD AGREEMENT**

If you complete all of the requirements of the Trial Period Agreement, we will send you documentation to complete the FHA HAMP. Make every Trial Period Plan payment according to the attached Agreement. If you continue to remain eligible for a FHA HAMP modification, permanent Modification and/or Partial Claim, documents will be sent to you with your new payment amount and due dates. To qualify for a permanent FHA HAMP modification, you must execute and return the Trial Period Agreement and successfully complete the Trial Period Payments and remain eligible for the program. If you file for bankruptcy during the Trial Period, approval from the Bankruptcy Court may be required to continue with FHA HAMP.

**PARTIAL CLAIM**

The Partial Claim is an interest free loan from HUD that will include past due amounts as of the end of the Trial Period. (The Partial Claim may include unpaid interest; real estate taxes and insurance premiums; certain assessments paid on your behalf to third parties; certain FHA allowable foreclosure fees and costs; and any other amounts necessary to meet FHA's requirements to reduce your monthly loan payment amount.) The total amount advanced by HUD and applied to your loan is memorialized in a Partial Claim Promissory Note and a Subordinate Mortgage/Deed of Trust between you and HUD. To successfully complete the Partial Claim, all title issues must be resolved and you must remain eligible for FHA HAMP. The amount advanced by HUD will be due, in full, to HUD at the earlier of (i) the maturity of the loan, (ii) the sale of the property, or (iii) payoff or refinancing of your mortgage.

**MODIFICATION AGREEMENT**

The Modification Agreement will permanently modify your current loan documents, as necessary, to reflect newly agreed upon terms of your home mortgage loan. A loan modification may extend the term of the loan, or, in some cases, increase the payment amount. Please read the plan documents carefully, make sure you understand the modified terms, and contact us with any questions. All other terms of your note and mortgage will remain unchanged. If an assumption is required to modify the loan, all requirements for an assumption must be met and Lender must approve the assumption. The Modification Agreement will be executed at the same time, as the HUD Partial Claim documents and, if applicable, the assumption agreement. If you successfully complete the requirements of the Trial Period Agreement, the Modification Agreement will reflect your new principal balance, taking into account your Trial Period Payments and the amount of the HUD Partial Claim. The amount of the permanent monthly mortgage payment may be different from your Trial Period Payment if, for example, there are changes in your escrow amounts. **If you remain eligible for the loan modification and if you comply with all of the terms of the Trial Period Agreement including, but not limited to, timely making the Trial Period Payments set forth in the Trial Period Agreement, we will waive ALL unpaid late charges at the conclusion of the Trial Period and upon successful execution of the Modification Agreement. During the Trial Period, late charges are assessed, if appropriate, and will be reflected on your account. If you are in bankruptcy, or file for bankruptcy during the Trial Period, even if you sign the Modification Agreement, approval from the Bankruptcy Court may be required. If there is a delay in obtaining such approval, all post-Modification payments must be paid in order to execute the final Modification and fully reinstate the loan.**

**CREDIT REPORTING**

In accordance with HUD guidelines, Midland will continue to report the status of your loan to credit reporting agencies during the FHA HAMP process. Mortgage payment assistance plans may adversely affect credit scores. For more information about credit scores, go to http://www.ftc.gov/bcp/edu/pubs/consumer/credit/cre24.shtm

**TITLE REPORT**

Midland Mortgage will order a title report for your property to verify there are no outstanding liens and/or judgments against your property. If acceptable title endorsement or subordination agreements from other lien holders to ensure that your loan documents, as modified, retain their first lien position and are fully

FHA-HAMP Trial Period Agreement
MM Loan Number: 58060249

58060249

# FHA HOME AFFORDABLE MODIFICATION PROGRAM ("FHA HAMP")
## FREQUENTLY ASKED QUESTIONS ("FAQ")

**Q. Will my Trial Period Payment amount be my payment amount for the remainder of my loan term after my loan is permanently modified?**

No. Your loan payment amount has two components: (1) principal and interest payment and (2) escrow payment. The amount of the principal and applicable interest payment will remain the same for the modified term of the loan. Your escrow payment amount will change from time to time to account for increases and decreases in the amounts owed for escrow items such as insurance and taxes.

**Q. What happens to my Trial Period Payments if I do not comply with the terms of the Trial Period Agreement?**

Your Trial Period Payments will be applied to your existing loan according to the terms of your loan documents.

**Q. Will a foreclosure occur during the Trial Period?**

As long as you comply with the terms of the Trial Period Agreement, we will not start foreclosure proceedings. If foreclosure proceedings began prior to the Trial Period and a foreclosure sale has been scheduled, we will request a suspension of the sale, but a court may decline our request to suspend the foreclosure sale. If you fail to comply with the terms of the Trial Period Agreement and do not make other arrangements, your loan will be enforced according to its original terms, which could include foreclosure.

**Q. If I qualify and receive a FHA HAMP modification, can my modified loan terms ever revert to the original loan terms?**

No. This is one of the advantages of FHA HAMP. Once your loan is modified, the new terms stay in place for the remaining term of your loan. FHA HAMP modifies only the newly-agreed upon terms, which are typically the principal amount, interest rate, or loan term. All other terms of the original note and mortgage remain unchanged and in effect.

**Q. Do all borrowers have to sign the Trial Period Plan and other documents?**

Generally, all borrowers who signed the original loan documents or their duly authorized representative(s) must sign all documents required as part of FHA HAMP. Exceptions, with our written approval, may be made for legal reasons and for which acceptable proof has been provided. An example of such an exception would be the death of a borrower or co-borrower.

**Q. When is the HUD Partial Claim amount of the FHA HAMP due?**

The HUD Partial Claim amount is due on the earlier of (i) payoff or refinance of the FHA HAMP Loan; (ii) sale of the property; or (iii) maturity of the loan.

**Q. To whom do I pay the Partial Claim Amount under the FHA HAMP Program and may I pay the Partial Claim off early?**

You may pay off the Partial Claim at any time before, but not after, the due date of the Partial Claim. Any payments to go toward the Partial Claim may be forwarded to HUD's Secretary-Held Assets Servicing Contractor currently located at the following:

### NOVAD MANAGEMENT CONSULTING

| Address | Phone | Fax |
|---|---|---|
| NOVAD Management Consulting<br>Shepherd Mall<br>2401 NW 23rd Street, Suite 1A<br>Oklahoma City, OK 73107 | Toll Free: (877) 622-8525 | Fax: (800) 489-1733 |

FHA-HAMP Trial Period Agreement
MM Loan Number: 58060249

58060249

# TRIAL PERIOD AGREEMENT

**Trial Period Effective Date:** September 7, 2021
**Borrower(s) ("I"):** KIMBERLY MITCHELL
**Lender or Servicer ("Lender"):** MidFirst Bank
**Property Address ("Property"):** 30 CARRINGTON PLACE  CLIFTON, NJ  07013-0000

If I am in compliance with this Trial Period Agreement and my representations continue to be true in all material respects and I otherwise remain eligible for a loan modification, then the Lender will provide me with a FHA Home Affordable Modification Program Agreement consisting of a Loan Modification Agreement ("Modification Agreement"), and, if applicable, a Partial Claim Promissory Note and Subordinate Mortgage/Deed of Trust ("HUD Partial Claim") with the Department of Housing and Urban Development ("HUD"), all of which will amend and supplement (1) the Mortgage, Deed of Trust, or other security deed (collectively referred to as "Security Instrument") on the Property, and (2) the Note secured by the Security Instrument. The Security Instrument and Note together, and any amendments, are referred to as the "Loan Documents." Capitalized terms used and not defined in this Trial Period Agreement shall have the meaning given to them in the Loan Documents.

1. **My Representations**
   I certify, represent to Lender, and agree to all of the following statements:
   A. I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.
   B. The Property has no physical conditions that will adversely affect my continued use of the Property or interfere with my ability to maintain the payments set forth on the payment schedule of this Trial Period Agreement.
   C. The Property is my principal residence, and I am committed to occupy the Property as my principal residence during the Trial Period. The Property has not been condemned. If I vacate or abandon the Property, this Trial Plan Agreement will terminate.
   D. No unauthorized change in the ownership of the Property has occurred since I signed the Loan Documents.
   E. I am providing or already have provided documentation for all income that I receive. I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Trial Period Agreement.
   F. Under penalty of perjury, all documents and information I have provided to Lender pursuant to this Trial Plan Agreement, including the documents and information regarding my eligibility for the Trial Period Agreement, are true and correct.
   G. If, since the inception of my loan through the date of this Trial Period Agreement, I received a discharge in a Chapter 7 bankruptcy and there has been no valid reaffirmation of the underlying debt, Lender is not attempting to re-establish any personal liability for the underlying debt by entering into this Trial Period Agreement. I acknowledge that Lender retains certain rights, including but not limited to, the right to foreclose on its interest in the Property under appropriate circumstances. I also agree that the consideration for this Trial Period Agreement is Lender's forbearance

FHA-HAMP Trial Period Agreement
MM Loan Number: 58060249

58060249

from presently exercising its rights and pursuing its remedies under the Loan Documents as a result of my default.

2. **Past Due Amounts**

**I understand that, as of September 7, 2021, I owe the 11/1/2020 payment and all subsequent payments, as well as allowable fees and costs incurred, whether or not billed to the loan as of this date, in accordance with my Loan Documents.**

3. **The Trial Period**

The Trial Period is the effective time of the Trial Period Agreement. The Trial Period End Date is the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due or (ii) termination of this Trial Period Agreement. On or before each of the following due dates, I will pay the Lender the amount set forth below ("Trial Period Payment"), which includes payment for principal, interest, and applicable Escrow Items such as real estate taxes, insurance premiums and other items escrowed ("Escrow Items"), if any, for a total payment of U.S. **$2,084.03.**

| Trial Period Payment Number | Trial Period Payment | Due Date |
|---|---|---|
| 1 | $2,084.03 | 10/1/2021 |
| 2 | $2,084.03 | 11/1/2021 |
| 3 | $2,084.03 | 12/1/2021 |

I understand, acknowledge, and agree to all of the following statements:

A. TIME IS OF THE ESSENCE during the Trial Period. I understand, acknowledge, and agree that the Trial Period Payments must be made on the due dates shown above and that failure to make any of the Trial Period Payments by their due dates may result in the termination of this Trial Period Agreement. I understand and agree that I must return the executed Trial Plan Agreement within the month the first trial payment is due and that failure to do so may result in the termination of this Trial Period Agreement.

B. The Lender will request a suspension of any scheduled foreclosure sale, provided I continue to meet my obligations under this Trial Period Agreement. I understand that a court of competent jurisdiction may decline the Lender's request to suspend a scheduled foreclosure sale. The Lender will not dismiss any pending foreclosure action and may immediately resume a pending foreclosure action from the point at which it was suspended if this Trial Period Agreement is terminated.

C. The Lender will hold the payments received during the Trial Period in a non-interest bearing account. Before the loan is permanently modified, these funds will be used to post full contractual payments. Funds remaining at the end of the Trial Period that do not total a full payment will be applied to reduce the amount owed.

D. The Lender's acceptance and posting of a payment during the Trial Period shall be without prejudice to, and shall not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities, and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents.

FHA-HAMP Trial Period Agreement
MM Loan Number: 58060249

58060249

E. If following the Trial Period End Date: (i) I have not executed the Modification Agreement, the HUD Partial Claim documentation and assumption documents if applicable; (ii) I have not made the Trial Period Payments required and as scheduled under this Trial Period Agreement; or (iii) the Lender determines that my representations are no longer true and correct or I otherwise become ineligible, the Loan Documents will not be modified, no Partial Claim will become effective, and this Trial Period Agreement will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Trial Period Agreement shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me.

F. I understand and agree that the Trial Period is not a permanent modification of the Loan Documents and that the Loan Documents will not be permanently modified unless and until (i) I meet all of the terms and conditions required for a Modification and a Partial Claim and remain eligible, and (ii) the Trial Period End Date has passed. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents or to proceed with a Home Affordable Modification Program Partial Claim if I fail to meet any one of the requirements under this Trial Period Agreement, if I file for bankruptcy, if the Lender is unable to obtain investor or insurer approval, or if an assumption of the loan is required and I have not met all the assumption requirements. If I am currently in bankruptcy, or if I file for bankruptcy during the Trial Period, I understand that approval from the Bankruptcy Court may be required to complete the Trial Period Plan and I agree to make Trial Period Payments until Bankruptcy Court approval is received, even if it is past the Trial Period End Date. Additionally, if I am currently in active bankruptcy, or if I file for bankruptcy during the Trial Period, execution of the Modification Agreement may be contingent upon approval from the Bankruptcy Court, and I agree that if such approval is required but not received, the Lender is under no obligation to make any modification of the Loan Documents or proceed with a Partial Claim.

G. I understand and agree that the Lender will not be obligated or bound to modify the Loan Documents, or to execute the Modification Agreement or to move forward with the Partial Claim if the Lender has not received an acceptable title endorsement or has not received from other lien holders, as necessary, subordination agreements to ensure that the Loan Documents, as modified, retain their first lien position and are fully enforceable.

**4. The Modification Agreement and HUD Partial Claim Promissory Note/Mortgage**

If I comply with the requirements of this Trial Period Agreement and my representations continue to be true in all material respects and I remain eligible for the Loan Modification, the Lender will send me a Modification Agreement and, where applicable HUD Partial Claim documentation, for my review and signature. Upon receipt of the Modification Agreement and HUD Partial Claim documentation, I agree to review the terms and conditions carefully as I will be bound by their terms for the remaining term of the loan. Terms and conditions of the Modification Agreement and HUD Partial Claim documentation include, but are not limited to, the following:

A. Modification Agreement: I understand that the Trial Period Payment amount will be my monthly payment under the Modification Agreement unless changes in the amounts of any Escrow Items have occurred, in which case such changes will be

FHA-HAMP Trial Period Agreement
MM Loan Number: 58060249

*58060249*

used to recalculate the payment amount under the Modification Agreement. After the Trial Period ends, my loan may be reanalyzed to recalculate the payment amount ("New Monthly Payment") under the Modification Agreement. The Modification Agreement will permanently modify my Loan Documents as necessary to reflect the New Monthly Payment amount and may extend the term of my loan. I also understand that the New Monthly Payment that will be reflected in the Modification Agreement may change following execution of the Modification Agreement if there are changes in the amounts due for any of my Escrow Items. I understand that any terms of the Loan Documents not expressly modified by the Modification Agreement will remain in full force and effect.

B. **HUD Partial Claim:** If a HUD Partial Claim is applicable, I understand that HUD will advance the partial claim amount, which may include: (i) past due payments, escrow amounts, and interest; (ii) applicable foreclosure fees and costs; and (iii) a principal reduction ("Partial Claim Amount"). The Partial Claim Amount will be included in a separate Partial Claim Promissory Note and a Subordinate Mortgage/Deed of Trust between HUD and me. The HUD Partial Claim is an interest-free loan that will not become due and payable to HUD until the earlier of (i) the maturity of the loan, (ii) the sale of the property, or (iii) the payoff or refinancing of the FHA HAMP mortgage.

Upon execution of a Modification Agreement, and HUD Partial Claim by all parties, this Trial Period Agreement shall terminate and the Loan Documents, as modified by the Modification Agreement, and HUD Partial Claim, shall be effective for the remaining term of the loan. I understand that I must continue to make payments under this Trial Period Agreement until the modification has been signed by all parties.

5. **Additional Agreements**

I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Trial Period Agreement, unless a borrower or co-borrower is deceased or the Lender has waived this requirement in writing.

B. To comply, except to the extent that they are modified by this Trial Period Agreement, with all covenants, agreements, and requirements of Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, impounds and other Escrow Items, and to make all other payments required by the Loan Documents, the amount of which may change periodically over the term of my loan.

That all terms and provisions of the Loan Documents remain in full force and effect. Nothing in this Trial Period Agreement shall be understood or construed to be a satisfaction or release, in whole or in part, of the obligations contained in the Loan Documents or a waiver of any rights. The Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

This Trial Period Agreement is effective upon the execution by Lender and Borrower and as of the Trial Period Effective Date above.

FHA-HAMP Trial Period Agreement
MM Loan Number: 58060249

58060249

_Kimberly Mitchell_      **10-05-2021**
KIMBERLY MITCHELL      DATE

_____      _____
MidFirst Bank Representative      DATE

FHA-HAMP Trial Period Agreement
MM Loan Number: 58060249

58060249

# Mortgage Assistance Plan Evaluation Notice

| Mortgagor | KIMBERLY MITCHELL | Loan | 58060249 |
|---|---|---|---|
| Co-Mortgagor | | | |
| Mailing Address | 30 CARRINGTON PLACE CLIFTON, NJ 07013-0000 | Property Address | 30 CARRINGTON PLACE CLIFTON, NJ 07013-0000 |

## Congratulations on your plan approval!

You've completed the mortgage assistance application process and are approved for the following plan. To accept the assistance plan offered, please follow the instructions included with your enclosed plan documents.

| Assistance Plan Type | Explanation |
|---|---|
| FHA HAMP Modification | You qualified for this mortgage assistance program. |

### Other plans for which you were evaluated

There were several other plans for which you did not qualify. Below is the list of mortgage assistance plans for which your application was evaluated, and the reason why you did not qualify for each plan. Each determination was based upon your individual circumstances and the investor and insurer guidelines that govern your loan.

| Assistance Plan Type | Explanation |
|---|---|
| 6 Month Formal Forbearance | Income requirements not met. After a review of the financial information you have provided for your household, you do not meet the income requirements for this plan. |
| Unemployment Special Forbearance (non-curing) | Delinquency requirements not met. You do not qualify for assistance due to the delinquency status of your loan. |
| | Loan in bankruptcy. We are unable to offer you a repayment plan because your loan is in bankruptcy. |
| | Borrower(s) have no qualifying unemployment status. We are unable to offer you an unemployment plan because the borrower(s) obligated to repay the loan either have continuous income or there is no qualifying unemployment status. |

### Call us with questions

Call us at 1-800-552-3000 if you have any questions or would like to check the status of your account. We can assist you Monday to Friday 8 a.m. to 7 p.m. or Saturday 9 a.m. to 1 p.m. Central time.

### Escalations

If you believe your application for mortgage assistance has been denied due to an improper analysis of your information or in violation of HUD Loss Mitigation policies, you may submit a request in writing using the following methods below:
You can contact us by **fax** 1-405-767-5815 or **email** mac@midfirst.com or by **mail** at Midland Mortgage, P.O. Box 268806, Oklahoma City, OK 73126-8806.

Notice: If you fail to comply with the terms included with your plan documents and do not make other arrangements, your loan will be enforced according to its original terms, which could include foreclosure. Additionally, your loan could be included in a Single Family Loan Sale Program administered by the Federal Housing Administration (FHA).

# File a Plan:

21-11650-JKS Kimberly Mitchell

Type: bk  
Assets: y

Chapter: 13 v  
Judge: JKS

Office: 2 (Newark)  
Case Flag: DebtEd SUPDIS CONFIRMED

## U.S. Bankruptcy Court

## District of New Jersey

Notice of Electronic Filing

The following transaction was received from Alphonse DeSimone entered on 11/29/2021 at 5:00 PM EST and filed on 11/29/2021

**Case Name:** Kimberly Mitchell  
**Case Number:** 21-11650-JKS  
**Document Number:** 39

**Docket Text:**
First Modified Chapter 13 Plan - After Confirmation. and Request for Valuation of Security, and Motion for Lien Avoidance. Filed by Alphonse DeSimone on behalf of Kimberly Mitchell. (DeSimone, Alphonse)

The following document(s) are associated with this transaction:

**Document description:** Main Document  
**Original filename:** C:\ECF\Mitchell,Kimberly Chap13 2\Amended Plan.pdf  
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=11/29/2021] [FileNumber=58943877 -0] [7b0bc35c46761170752460492db4c0af69dc87e903d63ecb0adb466d934ae48af c39bdd79ca508c3c126399612efe93ee6a97f03b471723f49af9b3626960333]]

**21-11650-JKS Notice will be electronically mailed to:**

Denise E. Carlon on behalf of Creditor MIDFIRST BANK
dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

Regina Cohen on behalf of Creditor Ally Capital
rcohen@lavin-law.com, ksweeney@lavin-law.com

Alphonse DeSimone on behalf of Debtor Kimberly Mitchell
AlphonseD@comcast.net, r46452@notify.bestcase.com

Marie-Ann Greenberg
magecf@magtrustee.com

Rebecca Ann Solarz on behalf of Creditor MIDFIRST BANK
rsolarz@kmllawgroup.com

https://ecf.njb.uscourts.gov/cgi-bin/Dispatch.pl?674236118194427    11/29/2021

U.S. Trustee
USTPRegion03.NE.ECF@usdoj.gov

**21-11650-JKS Notice will not be electronically mailed to:**

Ally Capital
c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave
Oklahoma City, OK 73118

Synchrony Bank c/o PRA Receivables Management, LLC
PO BOX 41021
Norfolk, VA 23541

STATISTICAL INFORMATION ONLY: **Debtor must select the number of each of the following items included in the Plan.**
**1** Valuation of Security     **0** Assumption of Executory Contract or Unexpired Lease     **0** Lien Avoidance

Last revised: August 1, 2020

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:   Kimberly Mitchell

Case No.: 21-11650
Judge: John K. Sherwood

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original
☐ Motions Included

☐ Modified/Notice Required
☒ Modified/No Notice Required

Date: 11/23/2021

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

Initial Debtor(s)' Attorney  ADS          Initial Debtor:  K M            Initial Co-Debtor  _____

## Part 1: Payment and Length of Plan

a. The debtor shall pay __930.00 Monthly__ to the Chapter 13 Trustee, starting on ___ for approximately __60__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- [x] Future Earnings
- [ ] Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- [ ] Sale of real property
  Description:
  Proposed date for completion: _____

- [ ] Refinance of real property:
  Description:
  Proposed date for completion: _____

- [x] Loan modification with respect to mortgage encumbering property:
  Description: Mortgage modification reducing payment and eliminating pre-petition arrears. New payment to be as stated in Schedule J at $ 2,084.03
  Proposed date for completion:  JANUARY 29, 2022

d. [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. [ ] Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection        [X] NONE

a. Adequate protection payments will be made in the amount of $___ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ___ (creditor).

b. Adequate protection payments will be made in the amount of $___ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ___ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Internal Revenue Service | Taxes and certain other debts | 18,825.55 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
- [x] None
- [ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

2

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☐ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| Ally Financial | 2018 BMW X1 22,000 miles Financed. Debtor in arrears $2,500.00. | 40,618.00 | 25,000.00 | None | 25,000.00 | 6.00 | 27,144.46 |

3

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

### f. Secured Claims Unaffected by the Plan ☐ NONE

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| Mr. Cooper |

### g. Secured Claims to be Paid in Full Through the Plan ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |

## Part 5: Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $____ to be distributed *pro rata*

☐ Not less than ___ percent

☑ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6: Executory Contracts and Unexpired Leases    ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7: Motions    ☐ NONE

**NOTE: All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

4

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| Ally Financial | 2018 BMW X1 22,000 miles Financed. Debtor in arrears $2,500.00. | 40,618.00 | 25,000.00 | 25,000.00 | 15,618.00 |

### Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims
6) General Unsecured Claims

5

### d. Post-Petition Claims

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification ■ NONE

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: _____

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| LOAN MODIFICATION DELAYED REVISED LOAN MODIFICATION AGREED TO | DEADLINE FOR COURT APPROVAL OF LOAN MODIFICATION EXTENDED TO |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☑ No 1/29/22

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: November 29, 2021      *Kimberly Mitchell* (signature)
                              **Kimberly Mitchell**
                              Debtor

Date: _____

                              Joint Debtor

Date  11/29/2021              *Alphonse De Simone* (signature)
                              Alphonse De Simone, Esq. 015131977
                              Attorney for the Debtor(s)

6