```
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
```
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

```
ALPHONSE DE SIMONE, ESQ.
195 ROUTE 46 WEST, SUITE 6
TOTOWA, NEW JERSEY 07512
ATTORNEYS FOR DEBTORS
```

**Order Filed on January 31, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

CHAPTER 13 PROCEEDINGS

In Re:

KIMBERLY MITCHELL,

        Debtors

Case No.: 21-11650 JKS

Adv. No.:

Hearing Date: February 10, 2022

Judge: JOHN K. SHERWOOD

## ORDER APPROVING LOAN MODIFICATION

The relief set forth on the following pages, numbered two (2) through two (4), is hereby **ORDERED.**

**DATED: January 31, 2022**

Honorable John K. Sherwood
United States Bankruptcy Court

**(Page 2)**
Debtor: KIMBERLY MITCHELL
Case # 21-11650
Order Approving Loan Modification

Upon consideration of debtor's Notice of Motion to Approve Loan Modification filed herein, and good cause appearing therefore, it is hereby

ORDERED, that the Movant's Motion to Approve Loan Modification is hereby GRANTED and debtor is authorized to enter into the final loan modification agreement and it is further

ORDERED, that approval and recording (if applicable) of the loan modification shall in no way constitute a violation of the automatic stay.

ORDERED, that

1) The loan modification must be fully executed no later than 14 days from the date of this Order. If it is not, the secured creditor, within 14 days thereafter, must file with the Court and serve debtor and debtor's attorney, if any, and the standing trustee a Certification indicating why the agreement was not fully executed. A response by the debtor, if any must be filed and served within 7 days of the filed date of the secured creditor's certification; and

2) Upon the filing of the Certification required above, and absent a response from the debtor, the standing trustee may disburse to the secured creditor all funds held or reserved relating to its claim. Absent the filing of the Certification within the time frame set forth above, the standing trustee will disburse funds on hand to other creditors pursuant to the provisions of the confirmed Plan and any proof of claim filed in this case with respect to the mortgage is deemed modified and incorporated into the Loan Modification Agreement; and

3) Unless debtor's Plan has been confirmed with 100% paid to unsecured creditors, the debtor must file a Modified Chapter 13 Plan and Motions within 14 days of

**(Page 3)**

consummation of the loan modification.  If the loan modification results in material changes in the debtor's expenses, the debtor must also file an amended Schedules I & J within 14 days of the date of this Order; and

4) Check one: **(See provisions added below by parties)**

   \_\_\_\_\_      There is no order requiring debtor to cure post-petition arrears through the Plan; or

   \_\_\_\_\_      Post-petition arrears are capitalized into the loan modification agreement, and the order filed on _____ requiring the Standing Trustee to make payments based on the arrearage is vacated as of the date of this order: or

   _____ Post-petition arrears have not been capitalized into the loan modification agreement, and the Standing Trustee will continue to make payments to the secured creditor based on the Order filed _____; and

5) If fees and costs related to loss mitigation/loan modification are sought by debtor's attorney, an Application for Compensation in compliance with DNJ LBR 2106-1 must be filed.

ORDERED, that the debtor is not required to filed an Amended Schedule I & J since the loan modification does not make any material changes to debtor's expenses.

**(Page 4)**

ORDERED, that in the event a loan modification is completed and the pre-petition arrears are capitalized into the loan, secured creditor shall file an amended proof of claim to reflect the amount the Chapter 13 Trustee has paid to date plus any amounts that have not been capitalized in the modification.

ORDERED, that the Chapter 13 Trustee shall suspend disbursements to secured creditor pending completion of the loan modification and all money that would otherwise be paid to the secured creditor be held until the claim is amended or the Trustee is notified by secured creditor that the modification was not consummated.

ORDERED, that in the event the modification is not consummated the secured creditor shall notify the Trustee and the Debtor's attorney of same. Any money that was held by the Trustee pending completion of the modification shall then be paid to the secured creditor

ORDERED, that in the event the proof of claim is amended, the Trustee may disburse funds being held pursuant to this order to other creditors in accordance with the provisions of the confirmed plan.

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 21-11650-JKS |
| Kimberly Mitchell | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Jan 31, 2022 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 02, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Kimberly Mitchell, 30 Carrington Place, Clifton, NJ 07013-2659 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 02, 2022          Signature:     /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 31, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Alphonse DeSimone | on behalf of Debtor Kimberly Mitchell AlphonseD@comcast.net r46452@notify.bestcase.com |
| Denise E. Carlon | on behalf of Creditor MIDFIRST BANK dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com |
| Marie-Ann Greenberg | magecf@magtrustee.com |
| Rebecca Ann Solarz | on behalf of Creditor MIDFIRST BANK rsolarz@kmllawgroup.com |
| Regina Cohen | on behalf of Creditor Ally Capital rcohen@lavin-law.com ksweeney@lavin-law.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

District/off: 0312-2     User: admin     Page 2 of 2
Date Rcvd: Jan 31, 2022     Form ID: pdf903     Total Noticed: 1
TOTAL: 6