**Order Filed on August 20, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**Kimberly Mitchell**,<br><br>Debtor. | Case No.: 21-11650<br>Chapter: 13<br>Hearing Date: 8/14/2025<br>Judge: John K. Sherwood |

## ORDER DENYING MOTION TO SEAL BANKRUPTCY RECORDS

The relief set forth on the following pages two (2) and three (3) is hereby **ORDERED**.

**DATED: August 20, 2025**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

| | |
|---|---|
| Debtor: | Kimberly Mitchell |
| Case #: | 21-11650 |
| Caption of Order: | **ORDER DENYING MOTION TO SEAL BANKRUPTCY RECORDS** |

**WHEREAS:**

1. The Debtor filed a *pro se* Motion to Seal Bankruptcy Records (the "Motion") requesting that the Court seal her bankruptcy records from this case and her prior bankruptcy case (19-33681) from the public docket. [ECF No. 96].

2. The Court heard the matter on August 14, 2025, but the Debtor did not appear.

3. Bankruptcy Code 11 U.S.C. §107 provides for public access to bankruptcy records. Section 107 has only three exceptions: confidential business information, 11 U.S.C. § 107(b)(1), "scandalous or defamatory matter," *id.* § 107(b)(2), and "means of identification," *id.* § 107(c)(1)(A). Only information that falls into these specific categories can be redacted.

4. The Motion does not specify the materials to be redacted or reasons that the Debtor would like the information redacted with enough specificity for the Court to determine if §107 permits the relief requested. For example, the Debtor states that "the public availability of my prior bankruptcy records has caused serious safety concerns." This statement is not supported by any specific evidence. The Debtor must describe specifically what she wants sealed and why it fits within of the §107 exceptions. The fact that this and the Debtor's prior bankruptcy appears in the public records is not, by itself, enough for a bankruptcy court to seal its records.

5. There is an expectation that public financial disclosures are a necessary part of the bankruptcy process. *In re Joyce*, 399 B.R. 382, 385-86 (Bankr. D. Del. 2009). Expungement is an extraordinary remedy that bankruptcy courts decline to grant simply because a debtor suffers from the bankruptcy case's effect on a credit report. *See In re Henry*, No. 17-36854, 2019 Bankr. LEXIS 463, 2019 WL 623873, at *2 (Bankr. S.D. Tex. Feb. 12, 2019) (denying motion to expunge where debtor voluntarily filed petition and benefitted from automatic stay); *In re Duque*, No. 8:16-BK-00969-CPM, 2016 Bankr. LEXIS 2981, 2016 WL 4239608, at *1 (Bankr. M.D. Fla. Aug. 8, 2016) (holding that § 107 does not provide "grounds for removing a bankruptcy filing from the public records or redacting those records in any way due to a debtor's strategic mistake"); *In re Whitener*, 57 B.R. 707, 710 (Bankr. E.D. Va. 1986) (finding that § 107 does not apply because the

Page 3
Debtor: Kimberly Mitchell
Case #: 21-11650
Caption of Order: **ORDER DENYING MOTION TO SEAL BANKRUPTCY RECORDS**

---

bankruptcy filings were true, and "dissemination of truthful matter cannot be enjoined merely because the matter is prejudicial"). The Court finds that the Debtor's Motion does show why the extraordinary remedy of sealing the bankruptcy docket is appropriate here.

**THEREFORE,** IT IS ORDERED that the Motion is denied without prejudice for the reasons set forth above and on the record at the hearing.