**Order Filed on August 20, 2025**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**Kimberly Mitchell**,<br><br>       Debtor. | Case No.:     21-11650<br><br>Chapter:     13<br><br>Hearing Date:  8/14/2025<br><br>Judge:      John K. Sherwood |

### ORDER DENYING MOTION TO SEAL BANKRUPTCY RECORDS

The relief set forth on the following pages two (2) and three (3) is hereby **ORDERED**.

**DATED: August 20, 2025**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

Page 2
Debtor:               Kimberly Mitchell
Case #:               21-11650
Caption of Order:     **ORDER DENYING MOTION TO SEAL BANKRUPTCY RECORDS**

---

**WHEREAS:**

1. The Debtor filed a *pro se* Motion to Seal Bankruptcy Records (the "Motion") requesting that the Court seal her bankruptcy records from this case and her prior bankruptcy case (19-33681) from the public docket. [ECF No. 96].

2. The Court heard the matter on August 14, 2025, but the Debtor did not appear.

3. Bankruptcy Code 11 U.S.C. §107 provides for public access to bankruptcy records. Section 107 has only three exceptions: confidential business information, 11 U.S.C. § 107(b)(1), "scandalous or defamatory matter," *id.* § 107(b)(2), and "means of identification," *id.* § 107(c)(1)(A). Only information that falls into these specific categories can be redacted.

4. The Motion does not specify the materials to be redacted or reasons that the Debtor would like the information redacted with enough specificity for the Court to determine if §107 permits the relief requested. For example, the Debtor states that "the public availability of my prior bankruptcy records has caused serious safety concerns." This statement is not supported by any specific evidence. The Debtor must describe specifically what she wants sealed and why it fits within of the §107 exceptions. The fact that this and the Debtor's prior bankruptcy appears in the public records is not, by itself, enough for a bankruptcy court to seal its records.

5. There is an expectation that public financial disclosures are a necessary part of the bankruptcy process. *In re Joyce*, 399 B.R. 382, 385-86 (Bankr. D. Del. 2009). Expungement is an extraordinary remedy that bankruptcy courts decline to grant simply because a debtor suffers from the bankruptcy case's effect on a credit report. *See In re Henry*, No. 17-36854, 2019 Bankr. LEXIS 463, 2019 WL 623873, at *2 (Bankr. S.D. Tex. Feb. 12, 2019) (denying motion to expunge where debtor voluntarily filed petition and benefitted from automatic stay); *In re Duque*, No. 8:16-BK-00969-CPM, 2016 Bankr. LEXIS 2981, 2016 WL 4239608, at *1 (Bankr. M.D. Fla. Aug. 8, 2016) (holding that § 107 does not provide "grounds for removing a bankruptcy filing from the public records or redacting those records in any way due to a debtor's strategic mistake"); *In re Whitener*, 57 B.R. 707, 710 (Bankr. E.D. Va. 1986) (finding that § 107 does not apply because the

Page 3
Debtor:          Kimberly Mitchell
Case #:          21-11650
Caption of Order:     **ORDER DENYING MOTION TO SEAL BANKRUPTCY RECORDS**

---

bankruptcy filings were true, and "dissemination of truthful matter cannot be enjoined merely because the matter is prejudicial"). The Court finds that the Debtor's Motion does show why the extraordinary remedy of sealing the bankruptcy docket is appropriate here.

**THEREFORE,** IT IS ORDERED that the Motion is denied without prejudice for the reasons set forth above and on the record at the hearing.

United States Bankruptcy Court

District of New Jersey

In re:                                                                          Case No. 21-11650-JKS

Kimberly Mitchell                                                               Chapter 13

     Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2                          User: admin                          Page 1 of 1

Date Rcvd: Aug 20, 2025                       Form ID: pdf903                       Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol        Definition**

+        Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 22, 2025:**

**Recip ID             Recipient Name and Address**
db                   + Kimberly Mitchell, 30 Carrington Place, Clifton, NJ 07013-2659

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 22, 2025                    Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 20, 2025 at the address(es) listed below:**

| Name | Email Address |
|------|---------------|
| Alphonse DeSimone | on behalf of Debtor Kimberly Mitchell AlphonseD@comcast.net  r46452@notify.bestcase.com |
| Denise E. Carlon | on behalf of Creditor MIDFIRST BANK dcarlon@kmllawgroup.com  bkgroup@kmllawgroup.com |
| Marie-Ann Greenberg | magecf@magtrustee.com |
| Regina Cohen | on behalf of Creditor Ally Capital rcohen@lavin-law.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 5